UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ATHERTON RESOURCES LLC, | Case No. 3:17-cv-00340-MMD-CLB |
| Plaintiff and Counter Defendant, | ORDER |
| v. | |
| ANSON RESOURCES LTD., *et al.*, | |
| Defendants and Counter Claimants. | |

**I.   SUMMARY**

Plaintiff and Counter Defendant Atherton Resources, LLC ("Atherton") was working with Defendants and Counter Claimants Anson Resources Ltd. and Bruce Richardson (collectively, "Anson") to help Anson identify and develop profitable mining projects, primarily of lithium, and mostly in Utah. Atherton sued Anson after Atherton realized that Anson was not going to pay Atherton amounts it expected to be paid under an agreement between the parties. Before the Court are the parties' motions in limine. (ECF Nos. 111, 113, 114.) Plaintiff Atherton moves to prevent Anson's expert Gaylord Cleveland from testifying.[1] (ECF No. 111 ("Cleveland Motion").) Defendant Anson moves to exclude Plaintiff's expert Michelle Salazar's testimony because she is slated to testify regarding an issue Anson argues has already been resolved (ECF No. 113 ("Salazar Motion")), and to preclude Atherton from arguing a disputed term in the parties' operative agreement creates a property interest that runs with the land (ECF No. 114 ("Property Interest

---

[1] Anson filed a response. (ECF No. 124.) The Court granted Atherton's motion to file a reply. (ECF Nos. 125, 138.) However, Atherton did not file a reply.

Motion")).[2] As further explained below, the Court will grant the Salazar Motion, but deny the Cleveland Motion and the Property Interest Motion.

## II.     BACKGROUND

The Court incorporates the background facts set forth in the Court's order on the parties' motions for summary judgment. (ECF No. 98 at 1-4.)

## III.    LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial." *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Ind. Ins. Co.*, 326 F. Supp.

---

[2]The Court also reviewed Atherton's responses. (ECF Nos. 122, 123.) Anson filed replies (ECF Nos. 127, 128), but the Court will strike those replies because Anson did not first seek the Court's leave. *See* LR 16-3(a) ("Replies will be allowed only with leave of the court.").

2d at 846. "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997)).

### IV. DISCUSSION

The Court addresses each of the parties' three motions in limine, in turn, below.

**A. Cleveland Motion**

Atherton argues the Court should prevent Anson's expert Gaylord Cleveland from testifying, and strike his expert reports, because he offers testimony on topics he is not qualified to offer expert testimony on, and offers improper legal conclusions that will not assist the Court in resolving this case. (ECF No. 111 at 1-5.) Anson counters the Court should deny the Cleveland Motion because Atherton's arguments go to the weight, but not the admissibility of Cleveland's testimony, and that he is an experienced geological engineer qualified to offer extrinsic evidence on trade usage relevant to the disputed terms in the parties' agreement. (ECF No. 124.) The Court agrees with Anson.

Atherton more specifically argues that Cleveland is not qualified because he has insufficient experience with finder's fee agreements. (ECF No. 111 at 3-4.) However, Anson persuasively responds this argument is beside the point because the parties have already resolved through stipulation the portion of their dispute dealing with the finder's

fee agreement. (ECF No. 124 at 5, 8-9.) The Court agrees. (ECF No. 98 at 3, 6 (noting the parties stipulated that an agreement existed as to the finder's fee portion of the agreement and they had otherwise resolved that dispute in ECF No. 87).)

Atherton next attacks portions of Cleveland's report and rebuttal report as consisting of nothing more than legal opinions. (ECF No. 111 at 4-5 (attacking *id.* at 32-37).) To make this argument, Atherton relies on a bankruptcy appeal from the Northern District of California where the court stated the general rule that experts are not allowed to offer a legal opinion on the meaning of the contract, but also noted an expert is permitted to testify to industry custom and usage regarding particular contractual terms. (*Id.* at 4, 4 n.1 (citing *In re W. Asbestos Co.*, 416 B.R. 670, 704 (N.D. Cal. 2009), *aff'd sub nom. Renfrew v. Hartford Acc. & Indem. Co.*, 406 F. App'x 227 (9th Cir. 2010)).) The Court finds Cleveland's challenged testimony falls into the latter, permissible category rather than the former impermissible category. In the pertinent portion of his report, Cleveland basically explains that he has never seen the term "net production revenue"—a key disputed term in the parties' operative agreement—in his 40 years of experience, and the agreement is otherwise lacking some terms he says are typical of similar agreements. (ECF No. 111 at 32-37.) This permissible testimony goes to industry custom and usage. *See In re W. Asbestos Co.*, 416 B.R. at 704 ("Here, the bankruptcy court employed the expert testimony for a proper purpose, and did not rely on expert opinion for the ultimate interpretation issue."). Moreover, Cleveland is adequately qualified to say he has not seen a particular term in his 40 years of industry experience, and for that statement to mean something.[3]

---

[3] The Court also agrees with Anson that Atherton, in gist, challenges Cleveland's credibility, which is a challenge that goes to the weight—but not necessarily the admissibility—of the testimony he will offer. (ECF No. 124 at 8.) Cleveland's credibility is an issue properly resolved by the Court following the upcoming bench trial. *See, e.g., Stedeford v. Wal-mart Stores, Inc.*, Case No. 2:14-cv-01429-JAD-PAL, 2016 WL 3844211, at *1 (D. Nev. July 15, 2016) (declining to strike expert testimony before trial where the plaintiff's argument that the expert was not "reliable goes to weight, not admissibility" of that expert's testimony). (*See also, e.g.*, ECF No. 144 (indicating the bench trial is approaching by setting upcoming trial deadlines).)

(*Id.* at 16-18.) In sum, the Court is unpersuaded by both of Atherton's arguments in the Cleveland Motion.

The Court will therefore deny the Cleveland Motion.

**B.  Salazar Motion**

Anson asks the Court to exclude the testimony of Atherton's expert Michelle Salazar because she only offered her expert opinion in support of an equitable contract theory that is no longer part of the case. (ECF No. 113 at 2-3.) Atherton counters that Salazar's testimony may remain relevant to this case if the Court finds in Anson's favor that the participation section of the parties' agreement does not cover the entire Paradox Basin of Utah, and Atherton moves to amend its pleadings after trial to include an quantum meruit claim for all mining claims within the Paradox Basin. (ECF No. 122 at 1-3.) The Court agrees with Anson.

In her report, Salazar states that she was "asked to provide an opinion as to the fair market value of the services rendered by [Atherton's principal] McKay for Mckay's quantum meruit claim." (*Id.* at 23.) The Court already granted summary judgment to Anson on Atherton's quantum meruit claim. (ECF No. 98 at 9, 12.) Thus, the Court agrees with Anson that Salazar's testimony is irrelevant and therefore properly excluded at this stage of the litigation. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Conversely, the Court finds Atherton's argument too speculative to be persuasive. (ECF No. 122 at 1-3.) It depends on an event—Atherton moving to amend its pleadings post judgment[4]—that would only occur after the conclusion of the upcoming bench trial. And Salazar's testimony would only be relevant were Atherton to do that after losing on a contested factual issue—the geographic scope of the participation section of the parties' agreement. Thus, under no circumstances would Salazar's testimony be relevant in the upcoming bench trial. Again, it would only be relevant in some possible future bench trial

---

[4]The Court does not rule on whether Atherton could do this without Court intervention, or whether it would permit Atherton to do this if Court intervention were required.

5

that Atherton may pursue if the Court rules against it on the issue of the geographic scope of the participation section at the conclusion of this bench trial. Salazar's testimony is thus irrelevant to the upcoming bench trial, and properly excluded on that basis.

The Court will therefore grant the Salazar Motion. Atherton's expert Michelle Salazar may not testify at the upcoming bench trial.

### C. Property Interest Motion

Anson also requests the Court enter an order "limiting the parole and extrinsic evidence to define the ambiguity of Net Production Revenue to specifically exclude any claims in real property running with the land in perpetuity" because the agreement between the parties purportedly does not satisfy Nevada's statute of frauds. (ECF No. 114 at 3.) Atherton counters that Anson asks the Court to prematurely rule on an issue of fact more appropriately resolved at trial, and, alternatively, the agreement between the parties satisfied the statute of frauds because it was in writing. (ECF No. 123 at 1-3.) The Court agrees with Atherton's primary argument.

Granting the Property Interest Motion would be both premature and inappropriate. First, as Atherton points out, Anson stipulated that whether any property interest that Atherton obtained in the property by virtue of the parties' agreement ran with the land was an issue of fact for trial. (ECF No. 108 at 17; *see also* ECF No. 123 at 2 (making the argument).) Second, Anson also stated in the pretrial order that the relief it seeks in the Property Interest Motion is also the ultimate relief it seeks at trial. (ECF No. 108 at 12.) Third, the Court found this issue was a material factual dispute for trial in its prior order on the parties' motions for summary judgment. (ECF No. 98 at 8.) For all of these reasons, it would be inappropriate to resolve this material factual dispute now, in the context of a motion in limine. *See, e.g.*, *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.").

The Court will therefore deny the Property Interest Motion.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion in limine (ECF No. 111) is denied.

It is further ordered that Defendant's first motion in limine (ECF No. 113) is granted as specified herein.

It is further ordered that Defendant's second motion in limine (ECF No. 114) is denied.

It is further ordered that Defendant's unauthorized reply briefs (ECF Nos. 127, 128) are stricken.

DATED THIS 11th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE